IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CR3108 |
| | ) | |
| v. | ) | |
| | ) | |
| JAVIER ONTIVEROS-CERVANTES, | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S MOTION TO REDUCE |
| Defendant. | ) | SENTENCE PURSUANT TO 18 U.S.C. § |
| | ) | 3582(c)(2) |

On October 30, 2009, the defendant, Javier Ontiveros Cervantes, filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  (See filing 31.)  For the following reasons, the motion must be denied.

## I.   BACKGROUND

A one-count indictment filed on July 19, 2006, charged the defendant with conspiring to distribute and posses with the intent to distribute 500 grams or more of methamphetamine in violation of 18 U.S.C. § 2 and 21 U.S.C. § 846.  (See filing 1.)  The indictment also states that the defendant was "subject to sentencing under Title 21, United States Code, Section 841(b)(1)." (See id.)  Section 841(b)(1)(A)(viii) provides that the charge set forth in the indictment carries a mandatory minimum punishment of ten years (i.e., 120 months) imprisonment.

The defendant pleaded guilty on September 22, 2006, (see filings 14-17), and on December 13, 2006, I sentenced the defendant to 120 months imprisonment, followed by five years of supervised release, (see filings 25-26).

On October 30, 2009, the defendant filed the instant motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 591 of the United States Sentencing Guidelines.  (See filing 31.)

## II.   STANDARD OF REVIEW

Section 3582(c)(2) allows a court to reduce a defendant's term of imprisonment if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). See also United States v. Higgins, 584 F.3d 770, 772 (8th Cir. 2009). The "applicable policy statement" authorizes a sentence reduction based on Amendment 591 unless the amendment is not "applicable to the defendant" or "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2), (c).

## III.   ANALYSIS

The defendant argues that Amendment 591 should be applied retroactively to lower his base offense level from 32 to 29. (See filing 31 at 4.) As the defendant correctly notes on page 4 of his motion, the effective date of Amendment 591 was November 1, 2000. See USSG App. C, Vol. II, amend. 591 (Nov. 1, 2003). This means that Amendment 591 was already in effect at the time of the defendant's sentencing on December 13, 2006. Thus, it cannot be said that the defendant's original sentence was "based on a sentencing range that has subsequently been lowered" through Amendment 591. 18 U.S.C. § 3582(c)(2) (emphasis added). The defendant's motion to reduce his sentence must therefore be denied. See United States v. Turner, 216 F. App'x 604, 605 (8th Cir. 2007).

The government also notes–quite correctly–that even if Amendment 591 remained to be applied retroactively in his case, the defendant is not entitled to a sentence reduction because he has already been sentenced to the statutory minimum term of imprisonment. (See filing 33 at 2 (citing, inter alia, United States v. Peters, 524 F.3d 905 (8th Cir. 2008)).) In Peters, the Eighth Circuit observed that "Mr. Peters' originally calculated guidelines range was 121 to 151 months, and he received a sentence of 120 months, the statutory mandatory minimum sentence for the quantity of crack involved in his conviction." 524 F.3d at 906. Citing USSG § 5G1.1(c)(2), which limits the bottom of the applicable guideline range to the statutory mandatory minimum sentence (if the bottom of the range would otherwise fall below the statutory minimum), the

court noted that the retroactive application of the new drug quantity guidelines to Peters' case "would have resulted in a guideline range of 120 to 121 months."  524 F.3d at 907.  Because Peters' 120-month sentence was already at the bottom of this range (and equal to the statutory minimum), the court held that he was not entitled to a sentence reduction.  Id. (citing USSG § 1B1.10(b)(2)(A) & comment 1(A)(ii)).

The defendant in this case is ineligible for a sentence reduction under § 3582(c)(2) for similar reasons.  Mr. Ontiveros Cervantes's case differs from Peters in that the originally calculated guideline range for Mr. Ontiveros Cervantes–if not for the mandatory statutory minimum of 120 months–would have been 87 to 108 months.  (See filings 24, 28.)  Under these circumstances, the defendant's guideline sentence must be set at the statutory minimum.  See USSG § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").  Reducing the guideline range that would hypothetically apply in the absence of the statutory minimum to a range that lies even further below the statutory minimum would not result in a sentence reduction for the defendant because, as the court noted in Peters, a reduction below the statutory minimum sentence is not authorized.  See 524 F.3d at 907 (citing USSG § 1B1.10(b)(2)(A) & comment 1(A)(ii)); see also USSG § 5G1.1(b); United States v. McGuire, 524 F.3d 891 (8th Cir. 2008).

**IT IS ORDERED** that the defendant's motion for a sentence reduction, filing 31, is denied.

Dated February 8, 2010.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge